IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FIRST CAPITAL BANK, an Oklahoma banking corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. CIV-09-0075-C |
| vs. | ) ) | |
| ROBERT E. STONE, | ) ) | |
| Defendant | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this action on January 16, 2009, alleging that Defendant breached a guaranty agreement executed between the parties. According to Plaintiff, Defendant was one of two managing members of Chisholm Trail Construction, LLC (Chisholm). Between 2006 and 2008, Plaintiff made a series of loans to Chisholm. On October 25, 2007, Defendant signed a Guaranty Agreement providing that he would be liable for all funds previously advanced to Chisholm by Plaintiff, as well as any funds that may be advanced in the future. After the company defaulted on the loans, Defendant failed to make any payments pursuant to the Guaranty Agreement, so Plaintiff brought suit alleging that Defendant owes it $2,094,827.94, with interest. Defendant filed the present motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7), arguing that Plaintiff failed to join Chisholm and Terry Kutcher, Chisholm's second managing member. Defendant claims that both are indispensable parties, and that consequently the lawsuit must be dismissed pursuant to Fed. R. Civ. P. 19.

Rule 19(a)(1) provides:

> (1) A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Therefore, the first step for the Court is to determine whether Mr. Kutcher and Chisholm are required parties. Here, Plaintiff's Complaint stems out of a guaranty agreement that it executed with Defendant. Under both Oklahoma state and federal law:

> A contract of surety is a promise to pay or an assumption of performance of some duty upon failure of another who is primarily obligated in the first instance. It usually is a separate undertaking in which the person primarily liable does not join. It is a collateral agreement and imparts the existence of two different obligations, one of the principal obligor and the other of the guarantor.
>
> Contracts of guaranty are divided into two kinds. One is absolute or unconditional and the other is conditional. An absolute guaranty is an unconditional undertaking on the part of the guarantor that the person primarily obligated will make payment or will perform, and such a guarantor is liable immediately upon default of the principal without notice. A conditional guaranty is an undertaking to pay or perform if payment or performance cannot be obtained from the principal obligor by reasonable diligence. An absolute guaranty, unlike a conditional one, casts no duty upon the creditor or holder of the obligation to attempt collection from the principal debtor before looking to the guarantor.

Pavlantos v. Garoufalis, 89 F.2d 203, 205-06 (10th Cir. 1937) (internal citations omitted); see also FDIC v. Casey, 1987 OK 68, ¶ 11, 741 P.2d 463, 465 (noting that "[c]reditors do not have

to join the principal debtor in an action against the guarantor or show that an effort was made to collect from the principal debtor.").

The Guaranty Agreement, signed only by Defendant, provides that "each of the undersigned as a primary obligor, jointly and severally and unconditionally: . . . agrees, without the Lender first having to proceed against Debtor or any other party liable or to liquidate any security, to pay on demand all sums due and to become due to Lender from Debtor . . . ." (Compl., Dkt. No. 1, at Ex. 3.)  It is clear that this document constitutes an unconditional guaranty.  Plaintiff therefore has no duty to attempt to collect from Chisholm prior to attempting to collect from Defendant.  Because this guaranty imposes a contractual obligation between Plaintiff and Defendant, separate from the obligations between Plaintiff and Chisholm or Plaintiff and Mr. Kutcher, and because neither Chisholm nor Mr. Kutcher are parties to this agreement, the Court finds that it is not necessary to join them in the present litigation.  It is proper to permit Plaintiff's action to proceed as currently structured.  As noted by Plaintiff, Defendant is free to assert any third-party claims he might have against either Chisholm or Mr. Kutcher in compliance with the Federal Rules of Civil Procedure, or he may file a separate action upon the conclusion of the present suit, should one be warranted.

Accordingly, Defendant's Motion to Dismiss (Dkt. No. 19) is DENIED.

IT IS SO ORDERED this 6th day of July, 2009.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge