IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FIRST CAPITAL BANK, an Oklahoma )
banking corporation, )
 )
      Plaintiff, )
 )     No. CIV-09-0075-C
vs. )
 )
ROBERT E. STONE, )
 )
      Defendant/Third-Party Plaintiff, )
 )
vs. )
 )
JACK STUTEVILLE, an Individual, )
TROY VAN BRUNT, an Individual, )
CHISHOLM TRAIL CONSTRUCTION, )
LLC, an Oklahoma corporation, and )
TERRY KUTCHER, an Individual, )
 )
      Third-Party Defendants. )

## MEMORANDUM OPINION AND ORDER

On January 16, 2009, Plaintiff filed a Complaint alleging a claim of breach of contract against Defendant. On March 12, 2009, Plaintiff filed the present Motion for Summary Judgment. Despite numerous extensions granted by the Court, Defendant has not responded to the motion.

### BACKGROUND

On December 20, 2006, Plaintiff loaned $63,017.00 to Chisholm Trail Construction, Inc. The outstanding principal and all accrued interest were due on June 18, 2007. On October 25, 2007, Chisholm Trial Construction, Inc., converted to a limited liability

company, Chisholm Trial Construction, LLC (Chisholm). Defendant was one of Chisholm's

two managing members. That same day, Plaintiff loaned an additional $1,515,136.00 to

Chisholm. In order for Plaintiff to loan the funds to Chisholm, it required Defendant to

execute a Guaranty Agreement (Agreement), which he did on October 25, 2007. The

Agreement contained the following terms:

> (1) . . . [Defendant] will fully and promptly pay or otherwise discharge all
> indebtedness and other obligations . . . upon which [Chisholm] now is or may
> later, from time to time, become obligated to [Plaintiff] as principal, guarantor,
> endorser, or in any other capacity, and whether joint or several liability or
> liability created by direct dealing with [Plaintiff] or through transfer from
> others, and regardless of the nature and form of indebtedness and whether due
> or not due; (2) [Defendant] agrees, without [Plaintiff] first having to proceed
> against [Chisholm] or any other party liable or to liquidate any security, to pay
> on demand all sums due and to become due to [Plaintiff] from [Chisholm], and
> all losses, costs, attorney fees or expenses which may be suffered or incurred
> by [Plaintiff] by reason of [Chisholm's] default or the default of the
> undersigned.

(Pl.'s Mot., Dkt. No. 9, Ex. 6.)

Subsequently, on May 29, 2008, Plaintiff loaned an additional $393,570.00 to

Chisholm. Under the terms of the promissory note, the outstanding principal and all accrued

interest was due on November 29, 2008. On December 15, 2008, Plaintiff notified

Defendant that all three of Chisholm's promissory notes were in default and requested that

Defendant pay the total amount due, which was $2,069,233.50 as of December 3, 2008.

Defendant never responded to this letter, and Chisholm is still in default on all of its notes.

Accordingly, Plaintiff filed the present Complaint alleging that Defendant breached the

2

Guaranty Agreement.    Plaintiff seeks to recover the amount due under Chisholm's promissory notes, along with interest accrued to date.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56(c).  Material facts are those that may affect the outcome of the litigation under applicable substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine only if it is such that a reasonable jury could find in favor of the nonmoving party.  Id.  The moving party bears the burden of demonstrating the lack of a genuine issue about any material facts.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  Once this burden is met, the nonmoving party must then respond and introduce specific facts demonstrating a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2).  When deciding a motion for summary judgment, the court may only consider admissible evidence and must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'"  Scott v. Harris, 550 U.S. 372, 378 (2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995).

A party's failure to file a response to a motion for summary judgment within the time allotted is not a sufficient reason for the court to grant the motion.  See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Instead, "[t]he court should accept as true all material facts asserted and properly supported in the summary judgment motion.  But only if those facts

entitle the moving party to judgment as a matter of law should the court grant summary judgment." Id.

## DISCUSSION

In order to prevail on its breach of contract claim, Plaintiff must prove: "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." Digital Design Group, Inc. v. Info. Builders, Inc., 2001 OK 21, ¶ 33, 24 P.3d 834, 483. Plaintiff has presented the Court with a signed Guaranty Agreement providing that Defendant agreed to be liable for all the loans that Plaintiff advanced to Chisholm, either before or after the date of the agreement.  Consideration for Defendant's promise to pay was clearly provided by Plaintiff's subsequent loans to Chisholm.  Nothing on the face of this contract would lead the Court to conclude that it is invalid or unenforceable in any way.

The contract provided that Defendant would pay to Plaintiff all sums due on demand. Defendant clearly breached this agreement when, after all of the loans advanced to Chisholm became due according to the terms of their promissory notes, Defendant failed to pay Plaintiff the amount due after receipt of the demand letter in December 2008.  Further, Plaintiff clearly suffered damages as a direct result of Defendant's breach.  Accordingly, Plaintiff is entitled to summary judgment in its favor.

In his answer to Plaintiff's complaint, Defendant asserted a number of counterclaims against Plaintiff, as well as third-party claims against Jack Stuteville, Troy Van Brunt, Terry Kutcher, and Chisholm.  By Order dated August 19, 2009, the Court required Defendant to supplement his claim for fraud asserted against Plaintiff by September 2, 2009, or risk having

it dismissed.  As of this date, Defendant has not supplemented his fraud claim, and it will therefore be dismissed.

Finally, on August 25, 2009, the Court permitted Defendant's counsel to withdraw from this action and ordered that Defendant secure other counsel, who was required to file an entry of appearance within twenty days.  In the event that Defendant was unable to secure other counsel, the Court stated that he could either file an entry of appearance in propria persona within twenty days or face having judgment rendered against him.  To this date, no other counsel has filed an entry of appearance on Defendant's behalf, nor has Defendant filed an entry of appearance in propria persona.  The Court finds, therefore, that the remainder of Defendant's counterclaims and third-party claims should be dismissed without prejudice.

## CONCLUSION

Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 9) is GRANTED. Plaintiff is ordered to file proof of its current damages within ten days of the date of this Order, at which time the Court will enter judgment in its favor.  In addition, Defendant's counterclaims and third-party claims are all DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 15th day of October, 2009.

ROBIN J. CAUTHRON
United States District Judge